# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

UNITED STATES OF AMERICA, :
:
v. : CASE NO.: 1:05-cr-16 (WLS)
:
JAMES E. THORNTON, :
:
    Defendant. :
:

## **ORDER**

    The Parties in this case appeared for a hearing on July 12, 2013 to determine whether Defendant James Thornton suffers from a mental disease or defect rendering him mentally incompetent for a supervised release revocation proceeding. During the hearing, counsel for the U.S. Attorney and Thornton agreed that Thornton was ineligible for involuntary medication under *Sell v. United States*, 539 U.S. 166 (2003). The Parties and the United States Probation Office also recommended that the Court dismiss the Petition for Action on Supervised Release (Doc. 110) and terminate the remainder of Thornton's supervised release. Defense counsel informed the Court that Thornton's brother, who is gainfully employed and a homeowner, offered to take Thornton into his custody.

    The Court agrees with the Parties that Thornton is ineligible for involuntary medication. In *Sell v. United States*, the Supreme Court held that the Constitution permits the Government to involuntarily medicate a defendant to restore competency so long as, among other things, important government interests are at stake. 539 U.S. at 180. The Government's interest here is relatively low because Thornton has served more than a year in confinement. *See id.* (noting that a lengthy confinement may reduce the

1

Government's interest in bringing an individual to trial). As both Parties noted, Thornton's present period of confinement might even exceed the amount of time a similarly situated person would receive for violating supervised release. Additionally, given the doubt surrounding whether Thornton violated his release for committing the offense of terroristic threats under O.C.G.A. § 16-11-37, *see Wiggins v. State*, 171 Ga. App. 358 (1984) (overturning conviction for terroristic threats in similar case involving a mentally ill defendant because the State failed to establish intent), the instant petition involves primarily technical violations.

The Court also accepts the Parties' recommendation to dismiss the petition and terminate Thornton's supervised release. Under 18 U.S.C. § 3583(e), a court may, after considering the factors in Section 3553, terminate a period of supervised release if the court is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). The Court has considered the factors under 18 U.S.C. § 3553 and concludes the interests of justice are served by terminating Thornton's release. According to Thornton's mental health evaluators, Thornton did not present a danger to himself, others, or to property within the institution. Additionally, Thornton has already served more than a year in confinement in connection with the instant allegations. In Thornton's unique situation, continued supervision is unlikely to advance the goal of supervised release—namely, "to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). On the other hand, the Court is persuaded that Thornton's brother would be a positive and stabilizing influence in his life.

Accordingly, the Court declines to impose involuntary medication and **TERMINATES** the remainder of Thornton's supervised release. The Government's Petition for Action on Supervised Release (Doc. 110) is **DISMISSED.**

**SO ORDERED**, this   15th   day of July 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**